IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: Fleming Companies, Inc. et al | : : : : : | Bankruptcy Case No. 03-10945 |
| Selby's Market Inc.<br><br>        Appellant<br>   v.<br>PCT<br><br>        Appellee | : : : : : : : : : : : | Civil Action No. 05-749 |

## AGREED STATEMENT OF FACTS

**A.** **The Supply Agreement**

1. On or about March 1, 1996, Selby's Market, Inc. ("Selby's") and Fleming Companies, Inc. ("Fleming", or alternatively, the "Debtor") entered into a certain supply agreement pursuant to which the Fleming, as wholesaler, agreed to supply Selby's, as retailer, with retail food, groceries, and related products and merchandise on a long term basis (the "Supply Agreement"). A copy of the Supply Agreement is annexed hereto as Exhibit "A."

2. The groceries were to be delivered to Selby's store in Poolseville, Maryland, and the Supply Agreement was to be governed by and construed in accordance with the laws of the State of Maryland. Under the Supply Agreement, Selby's agreed to purchase its retailing needs from Fleming at such prices and other terms of sale established at levels generally consistent with Fleming's then current Selling Plan.

3. The Supply Agreement contains clauses dealing with, <u>inter alia,</u> the supply of merchandise, the prices and other terms of sale, default, attorneys' fees and costs, amendment by waiver, and governing law. Most relevant in this case, the Supply Agreement also contains a clause entitled "Disputes; Arbitration" (clause 8 of the Supply Agreement).

4. The "Disputes; Arbitration" clause, clause 8 of the Supply Agreement, provides as follows:

> The parties hereto agree that all disputes between them relating to this Agreement are to be resolved by arbitration as provided herein. This agreement to arbitrate shall survive rescission or termination of this Agreement. All arbitration shall be conducted in York, Pennsylvania, pursuant to the Commercial Arbitration Rules of the American Arbitration Association except as herein may be provided. The panel used will be selected from, if available, the "Food Industry Panel" employed by the American Arbitration Association and the decision of the arbitrators will be final and binding on all parties. All arbitration will be undertaken pursuant to the Federal Arbitration Act, where applicable, and the decision of the arbitrators will be enforceable in any court of competent jurisdiction.

(the "Arbitration Clause").

5. Prior to Fleming's bankruptcy, Selby's received the bulk of its food supplies from Fleming in accordance with the terms of the Supply Agreement.

**B.     The Debtor's Chapter 11 Proceedings and PCT's Motion**

6. On or about April 1, 2003 (the "Petition Date"), Fleming filed a voluntary petition for Chapter 11 relief with the Bankruptcy Court for the District of Delaware.

7. By a Motion dated February 13, 2004, the Debtor moved to reject over 1,100 executory contracts, including the Supply Agreement. On November 15, 2004, the Bankruptcy Court ultimately approved a stipulation (the "Stipulation") between Fleming and Selby's, dated November 5, 2004, which effectively deemed the Supply Agreement rejected as of March 10, 2004. A copy of the Stipulation is annexed hereto as <u>Exhibit</u> "B."

8. After voluntarily asserting its rights as a Chapter 11 Debtor to reject the Supply Agreement, the Debtor then filed for arbitration before the American Arbitration Association seeking to pursue a claim against Selby's for Selby's alleged default in the sum of $1,132,258.75 plus interest, penalties and arbitration fees. A copy of the Arbitration Petition is annexed hereto as Exhibit "C."

9. The Debtor cited the Arbitration Clause in paragraph 8 of the Supply Agreement as its authority to commence Arbitration. Selby's filed an action for Declaratory Judgment and for an Injunction against the Debtor in the Circuit Court for Montgomery County, Maryland to stay the arbitration on the grounds that the Supply Agreement was deemed rejected as of March 10, 2004 (the "Maryland Action").

10. On July 26, 2004, the Bankruptcy Court entered an Order confirming the Debtor's Third Amended and Revised Joint Plan of Reorganization.

11. Castellammare Advisors, LLC, the Trustee of the Post Confirmation Trust for Fleming Companies, Inc. ("PCT") thereafter assumed all collection efforts on behalf of the Debtor's Bankruptcy Estate.

12. By a Motion dated December 28, 2004, PCT, on behalf of the Debtor, moved for an Order Compelling Arbitration of Claims Relating to Supply Agreement and Staying Certain State Court Proceedings.

13. Both PCT and Selby's appeared in Bankruptcy Court on July 26, 2005 before the Honorable Mary F. Walrath and argued the PCT's motion. A copy of the Transcript of Hearing is annexed hereto as Exhibit "D."

14. Judge Walrath issued an Order Regarding the PCT's Motion for an Order Compelling Arbitration of Claims Relating to Supply Agreement and Staying Certain State Court

Proceedings (the "September 16, 2005 Order"). In pertinent part, the September 16, 2005 Order states:

> Debtor's rejection of the Supply Agreement by and between Fleming Companies, Inc. and Selby's Market, Inc. dated March 1, 1996 (the "Supply Agreement") in accordance with 11 U.S.C. §365 is not a termination of the Supply Agreement, but is simply a breach of that Agreement as of the Petition Date (§365(g)), and the arbitration clause contained therein is otherwise enforceable by the PCT ; and . . . only matters relating to the sale of food, groceries and related products and merchandise by Fleming to Selby's Market, Inc. (and Selby Market Inc.'s defenses thereto) as set forth within the Supply Agreement are subject to arbitration;

A copy of the September 16, 2005 Order, which Selby's is hereby appealing, is annexed hereto as <u>Exhibit</u> "E."

Dated: New York, New York
February    , 2006

                                                Respectfully submitted,

Laurence M. Huffman, Esq.                       Neal M. Rosenbloom, Esq. (NMR-5465)
Beauchamp M. Patterson, Esq.                    Sarit R. Shmulevitz, Esq. (SS-8670)
McAFEE & TAFT, P.C.                             FINKEL GOLDSTEIN
211 N. Robinson                                 ROSENBLOOM & NASH, LLP
10th Floor, Two Leadership Square               26 Broadway, Suite 711
Oklahoma City, OK 73102                         New York, NY 10004
Telephone: (405) 235-9621                       Telephone: (212) 344-2929

        - and -                                         - and -

By: /s/ James E. O'Neill                        By: _____
James E. O'Neill (Del. Bar. No. 4042)           Frederick B. Rosner, Esq. (No. 3995)
PACHULSKI STANG ZIEHL YOUNG                     JASPAN SCHLESINGER HOFFMAN LLP
JONES & WEINTRAUB P.C.                          913 North Market Street, 12th Floor
919 N. Market Street, 16th Floor                Wilmington, DE 19801
Wilmington, DE 19801                            Telephone: (302) 351-8000
Telephone: (302) 778-6407

ATTORNEYS FOR THE APPELLEE                      ATTORNEYS FOR THE APPELLANT

4

Proceedings (the "September 16, 2005 Order"). In pertinent part, the September 16, 2005 Order states:

> Debtor's rejection of the Supply Agreement by and between Fleming Companies, Inc. and Selby's Market, Inc. dated March 1, 1996 (the "Supply Agreement") in accordance with 11 U.S.C. §365 is not a termination of the Supply Agreement, but is simply a breach of that Agreement as of the Petition Date (§365(g)), and the arbitration clause contained therein is otherwise enforceable by the PCT ; and . . . only matters relating to the sale of food, groceries and related products and merchandise by Fleming to Selby's Market, Inc. (and Selby Market Inc.'s defenses thereto) as set forth within the Supply Agreement are subject to arbitration;

A copy of the September 16, 2005 Order, which Selby's is hereby appealing, is annexed hereto as <u>Exhibit</u> "E."

Dated: New York, New York
February 6, 2006

                                          Respectfully submitted,

| | |
|---|---|
| Laurence M. Huffman, Esq. | Neal M. Rosenbloom, Esq. (NMR-5465) |
| Beauchamp M. Patterson, Esq. | Sarit R. Shmulevitz, Esq. (SS-8670) |
| McAFEE & TAFT, P.C. | FINKEL GOLDSTEIN |
| 211 N. Robinson | ROSENBLOOM & NASH, LLP |
| 10th Floor, Two Leadership Square | 26 Broadway, Suite 711 |
| Oklahoma City, OK 73102 | New York, NY 10004 |
| Telephone: (405) 235-9621 | Telephone: (212) 344-2929 |
| - and - | - and - |
| By: _____ | By: _____ |
| James E. O'Neill (Del. Bar. No. 4042) | Frederick B. Rosner, Esq. (No. 3995) |
| PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB P.C. | JASPAN SCHLESINGER HOFFMAN LLP |
| 919 N. Market Street, 16th Floor | 913 North Market Street, 12th Floor |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| Telephone: (302) 778-6407 | Telephone: (302) 351-8000 |
| ATTORNEYS FOR THE APPELLEE | ATTORNEYS FOR THE APPELLANT |